IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NORTHERN VIRGINIA HEMP          )
AND AGRICULTURE LLC,            )
9481 Walsingham Lane,           )
Marshall, VA 20115,             )
                                )
and,                            )
                                )
ROSE LANE,                      )
c/o Croessmann & Westberg, P.C.,)
8000 Towers Crescent Dr., #1575,)
Vienna, VA 22151,               )
                                )
and,                            )
                                )
FRANNY'S OPERATIONS, INC.,      )
231 Biltmore Avenue,            )
Asheville, NC 28801,            )
                                )
        *Plaintiffs*,           )
                                )
v.                              )      Case No. 1:23-cv-01177-LMB-IDD
                                )
THE COMMONWEALTH OF             )
VIRGINIA,                       )
1111 East Broad Street,         )
Richmond, VA 23219,             )
                                )
and,                            )
                                )
GLENN YOUNGKIN, Governor of the )
Commonwealth of Virginia, in his)
official capacity,              )
Office of the Governor,         )
Patrick Henry Building,         )
1111 East Broad Street,         )
Richmond, VA 23219,             )
                                )
and,                            )
                                )
JASON MIYARES, Attorney General )
for the Commonwealth of Virginia,)
in his official capacity,       )

202 North Ninth Street,    )
Richmond, VA 23219,    )
    )
and,    )
    )
**BOARD OF AGRICULTURE AND**    )
**CONSUMER SERVICES,**    )
**Serve on:**    )
**Kevin Schmidt, Secretary,**    )
**102 Governor Street,**    )
**Richmond, VA 23219,**    )
    )
and,    )
    )
**JOSEPH GUTHRIE, Commissioner**    )
**of the Virginia Department of**    )
**Agriculture and Consumer Services,**    )
**in his official capacity,**    )
**102 Governor Street,**    )
**Richmond, VA 23219,**    )
    )
and,    )
    )
**VIRGINIA CANNABIS CONTROL**    )
**AUTHORITY,**    )
**Serve on:**    )
**John F. Keohane, Chair,**    )
**333 E. Franklin Street, Suite 200,**    )
**Richmond, VA 23219,**    )
    )
and,    )
    )
**STEVE DESCANO, Commonwealth's**    )
**Attorney for the County of Fairfax,**    )
**in his official capacity,**    )
**4110 Chain Bridge Road, Suite 114,**    )
**Fairfax, VA 22030,**    )
    )
and,    )
    )
**BUTA BIBERAJ, Commonwealth's**    )
**Attorney for the County of Loudoun,**    )
**in her official capacity,**    )
**20 East Market Street,**    )
**Leesburg, VA 20176,**    )
    )

2

and,                                          )
                                              )
BRYAN L. PORTER, Commonwealth's               )
Attorney for the City of Alexandria,          )
in his official capacity,                     )
520 King Street, Suite 301,                   )
Alexandria, VA 22314,                         )
                                              )
and,                                          )
                                              )
AMY ASHWORTH, Commonwealth's                  )
Attorney for the County of Prince             )
William, in her official capacity,            )
9311 Lee Avenue, Suite 200,                   )
Manassas, VA 20110,                           )
                                              )
and,                                          )
                                              )
PARISA DEHGHANI-TAFTI,                        )
Commonwealth's Attorney for the               )
County of Arlington and the City of           )
Falls Church, in her official capacity,       )
1425 N. Courthouse Road, Suite 5200,          )
Arlington, VA 22201,                          )
                                              )
and,                                          )
                                              )
SCOTT C. HOOK, Commonwealth's                 )
Attorney for the County of Fauquier,          )
in his official capacity,                     )
29 Ashby Street, 4th Floor,                   )
Warrenton, VA 20186,                          )
                                              )
and,                                          )
                                              )
BRYAN CAVE, Commonwealth's                    )
Attorney for the County of Page,              )
in his official capacity,                     )
116 South Court Street, Suite D,              )
Luray, VA 22835,                              )
                                              )
and,                                          )
                                              )
R. ALLEN NASH, Commonwealth's                 )
Attorney for the County of                    )
Mecklenburg, in his official capacity,        )

393 Washington Street,     )
Boydton, VA 23917,     )
     )
and,     )
     )
KRYSTYN REID, Commonwealth's     )
Attorney for the County of York and     )
The City of Poquoson, in her     )
official capacity,     )
300 Ballard Street,     )
Yorktown, VA 23690,     )
     )
and,     )
     )
VINCE DONOGHUE,     )
Commonwealth's Attorney for the     )
County of Essex, in his     )
official capacity,     )
309 Prince Street,     )
Tappahannock, VA 22560,     )
     )
and,     )
     )
COOPER BROWN, Commonwealth's     )
Attorney for the County of Franklin,     )
in his official capacity,     )
275 South Main Street, Suite 33,     )
Rocky Mount, VA 24151,     )
     )
and,     )
     )
DIANA WHEELER O'CONNELL,     )
Commonwealth's Attorney for the     )
County of Orange, in her     )
official capacity,     )
110 North Madison Road,     )
Orange, VA 22960,     )
     )
and,     )
     )
MEGAN L. CLARK, Commonwealth's     )
Attorney for the County of Prince     )
Edward, in her official capacity,     )
111 South Street, 2nd Floor,     )
Farmville, VA 23901,     )
     )

4

and,                                            )
                                                )
**MICHAEL T. HURD,**                            )
**Commonwealth's Attorney for the**             )
**County of Middlesex, in his**                 )
**official capacity,**                          )
**73 Bowden Street,**                           )
**Saluda, VA 23149,**                           )
                                                )
and,                                            )
                                                )
**R. E. CHALKLEY, III,**                        )
**Commonwealth's Attorney for the**             )
**County of Hanover, in his**                   )
**official capacity,**                          )
**7530 County Complex Road,**                   )
**Hanover, VA 23069,**                          )
                                                )
and,                                            )
                                                )
**COLIN D. STOLLE, Commonwealth's**             )
**Attorney for the City of Virginia**           )
**Beach, in his official capacity,**            )
**2425 Nimmo Parkway,**                         )
**Virginia Beach, VA 23456,**                   )
                                                )
and,                                            )
                                                )
**HEATHER HOVERMALE,**                          )
**Commonwealth's Attorney for the**             )
**City of Winchester, in her**                  )
**official capacity,**                          )
**21 South Kent Street, Suite 200,**            )
**Winchester, VA 22601,**                       )
                                                )
and,                                            )
                                                )
**MEREDITH ADKINS,**                            )
**Commonwealth's Attorney for the**             )
**Counties of King and Queen,**                 )
**in her official capacity,**                   )
**242 Allens Circle, Suite G,**                 )
**King & Queen Courthouse, VA 23085,**          )
                                                )
and,                                            )
                                                )

5

**JOHN R.H. ALEXANDER,** )
**Commonwealth's Attorney for the** )
**County of Botetourt, in his** )
**official capacity,** )
**11 East Main Street,** )
**Fincastle, VA 24090,** )
)
**and,** )
)
**GERALD D. ARRINGTON,** )
**Commonwealth's Attorney for the** )
**County of Buchanan, in his** )
**official capacity,** )
**1012 Walnut Street,** )
**Grundy, VA 24614,** )
)
**and,** )
)
**KEMPER M. BEASLEY, III,** )
**Commonwealth's Attorney for the** )
**County of Buckingham, in his** )
**official capacity,** )
**13049 West James Anderson Highway,** )
**Buckingham, VA 23921,** )
)
**and,** )
)
**ANTON A. BELL, Commonwealth's** )
**Attorney for the City of Hampton,** )
**in his official capacity,** )
**236 North King Street,** )
**Hampton, VA 23669,** )
)
**and,** )
)
**JOHN S. BELL, Commonwealth's** )
**Attorney for the County of Warren,** )
**in his official capacity,** )
**1 East Main Street, Room 133,** )
**Front Royal, VA 22630,** )
)
**and,** )
)
**CLARISSA BERRY, Commonwealth's** )
**Attorney for the County of Madison,** )
**in her official capacity,** )

15 Court Square,                 )
Madison, VA 22727,         )
                                 )
and,                            )
                                 )
TRAVIS BIRD, Commonwealth's )
Attorney for the County of      )
Spotsylvania, in his official capacity, )
9111 Courthouse Road,     )
Spotsylvania, VA 22553,    )
                                 )
and,                            )
                                 )
WILLIAM BLAINE, Commonwealth's )
Attorney for the County of Brunswick, )
in his official capacity,       )
202 North Main Street,     )
Lawrenceville, VA 23868,   )
                                 )
and,                            )
                                 )
DAYNA KENDRICK BOBBITT,  )
Commonwealth's Attorney for the )
County of Patrick, in her     )
official capacity,          )
124 Slusher Street,       )
Stuart, VA 24171,        )
                                 )
and,                            )
                                 )
JONATHAN BOURLIER,    )
Commonwealth's Attorney for the )
County of Dinwiddie, in his   )
official capacity,          )
14008 Boydton Plank Road,  )
Dinwiddie, VA 23841,     )
                                 )
and,                            )
                                 )
TOM C. BOWEN, III,       )
Commonwealth's Attorney for the )
County of Mathews, in his    )
official capacity,          )
10604 Buckley Hall Road,   )
Mathews, VA 23109,     )
                                 )

and,                                    )
                                        )
**THOMAS E. BOWERS,**                   )
**Commonwealth's Attorney for the**     )
**City of Salem, in his official capacity,**  )
**2 East Calhoun Street,**              )
**Salem, VA 24153,**                    )
                                        )
and,                                    )
                                        )
**BRANDON BOYLES,**                     )
**Commonwealth's Attorney for the**     )
**County of Grayson and the City of**   )
**Galax,  in his official capacity,**   )
**129 Davis Street,**                   )
**Independence, VA 24348,**             )
                                        )
and,                                    )
                                        )
**ERIC BRANSCOM, Commonwealth's**       )
**Attorney for the County of Floyd,**   )
**in his official capacity,**           )
**100 East Main Street, Room 108,**     )
**Floyd, VA 24091,**                    )
                                        )
and,                                    )
                                        )
**ROGER D. BROOKS,**                    )
**Commonwealth's Attorney for the**     )
**County of Carroll and the City of**   )
**Galax, in his official capacity,**    )
**605-11 Pine Street,**                 )
**Hillsville, VA 24343,**               )
                                        )
and,                                    )
                                        )
**TIFFANY BUCKNER,**                    )
**Commonwealth's Attorney for the**     )
**City of Petersburg, in her**          )
**official capacity,**                  )
**150 North Sycamore Street,**          )
**Petersburg, VA 23803,**               )
                                        )
and,                                    )
                                        )
**DONALD S. CALDWELL,**                 )

Commonwealth's Attorney for the )
City of Roanoke, in his )
official capacity, )
315 Church Avenue, S.W., )
Roanoke, VA 24016, )
)
and, )
)
W. LYLE CARVER, Commonwealth's )
Attorney for the County of Amherst, )
in his official capacity, )
113 Taylor Street, )
Amherst, VA 24521, )
)
and, )
)
D. MICHAEL CAUDILL, )
Commonwealth's Attorney for the )
County of Goochland, in his )
official capacity, )
2938 River Road West, )
Goochland, VA 23063, )
)
and, )
)
ROBERT CERULLO, Commonwealth's )
Attorney for the County of Powhatan, )
in his official capacity, )
3801 Marion Harland Drive, )
Powhatan, VA 23139, )
)
and, )
)
ALFRED G. COLLINS, )
Commonwealth's Attorney for the )
City of Colonial Heights, in his )
official capacity, )
550 Boulevard, Suite 200, )
Colonial Heights, VA 23834, )
)
and, )
)
EDWIN CONSOLVO, )
Commonwealth's Attorney for the )
County of Greene, in his )
official capacity, )

**38 Stanard Street,**                          )
**Stanardsville, VA 22973,**                    )
                                                )
**and,**                                        )
                                                )
**ERIC A. COOKE, Commonwealth's**               )
**Attorney for the City of Franklin and**       )
**the County of Southampton, in his**           )
**official capacity,**                          )
**22350 Main Street,**                          )
**Courtland, VA 23837,**                        )
                                                )
**and,**                                        )
                                                )
**H. FULLER CRIDLIN,**                          )
**Commonwealth's Attorney for the**             )
**County of Lee, in his official capacity,**    )
**33640 Main Street, Suite 207,**               )
**Jonesville, VA 24263,**                       )
                                                )
**and,**                                        )
                                                )
**JOSHUA CUMBOW,**                              )
**Commonwealth's Attorney for the**             )
**County of Washington, in his**                )
**official capacity,**                          )
**165 East Valley Street,**                     )
**Abingdon, VA 24210,**                         )
                                                )
**and,**                                        )
                                                )
**STACEY DAVENPORT,**                           )
**Commonwealth's Attorney for the**             )
**County of Chesterfield, in her**              )
**official capacity,**                          )
**9500 Courthouse Road,**                       )
**Chesterfield, VA 23832,**                     )
                                                )
**and,**                                        )
                                                )
**DEREK DAVIS, Commonwealth's**                 )
**Attorney for the County of Surry,**           )
**in his official capacity,**                   )
**325 Bank Street,**                            )
**Surry, VA 23883,**                            )
                                                )

and,                                          )
                                              )
**M. BRETT HALL, Commonwealth's**             )
**Attorney for the County of Wise and**       )
**the City of Norton, in his**                )
**official capacity,**                        )
**206 E. Main Street, Suite 123,**            )
**Wise, VA 24293,**                           )
                                              )
and,                                          )
                                              )
**MELISSA A. DOWD,**                          )
**Commonwealth's Attorney for the**           )
**County of Highland, in her**                )
**official capacity,**                        )
**282 Mountain Turnpike,**                    )
**Monterey, VA 24465,**                       )
                                              )
and,                                          )
                                              )
**MATTHEW DUNNE,**                            )
**Commonwealth's Attorney for the**           )
**County of Craig, in his**                   )
**official capacity,**                        )
**225 Court Street,**                         )
**New Castle, VA 24127,**                     )
                                              )
and,                                          )
                                              )
**JOHN DUSEWICZ, Commonwealth's**             )
**Attorney for the County of Gloucester,**    )
**in his official capacity,**                 )
**7400 Justice Drive, Room 230,**             )
**Gloucester, VA 23061,**                     )
                                              )
and,                                          )
                                              )
**JOSH O. ELROD, Commonwealth's**             )
**Attorney for the City of Buena Vista,**     )
**in his official capacity,**                 )
**2044 Sycamore Avenue,**                     )
**Buena Vista, VA 24416,**                    )
                                              )
and,                                          )
                                              )
**ROY F. EVANS, Commonwealth's**              )

**Attorney for the County of Smyth,**                )
**in his official capacity,**                        )
**109 West Main Street, Room 124,**                  )
**Marion, VA 24354,**                                )
                                                     )
**and,**                                             )
                                                     )
**RAMIN FATEHI, Commonwealth's**                     )
**Attorney for the City of Norfolk,**               )
**in his official capacity,**                        )
**800 East City Hall Avenue, Suite 600,**            )
**Norfolk, VA 23510,**                               )
                                                     )
**and,**                                             )
                                                     )
**KYLE KILGORE,**                                    )
**Commonwealth's Attorney for the**                  )
**County of Scott, in his official capacity,**       )
**202 West Jackson Street, Suite 312,**              )
**Gate City, VA 24251,**                             )
                                                     )
**and,**                                             )
                                                     )
**SUSAN FIERRO, Commonwealth's**                     )
**Attorney for the County of Prince**                )
**George, in her official capacity,**               )
**6601 Courts Drive,**                               )
**Prince George, VA 23875,**                         )
                                                     )
**and,**                                             )
                                                     )
**LESLIE M. FLEET, Commonwealth's**                  )
**Attorney for the County of**                       )
**Appomattox, in his official capacity,**            )
**297 Court Street, Suite A,**                       )
**Appomattox, VA 24522,**                            )
                                                     )
**and,**                                             )
                                                     )
**JEFFREY GAINES, Commonwealth's**                   )
**Attorney for the City of Staunton,**               )
**in his official capacity,**                        )
**21 North New Street,**                             )
**Staunton, VA 24401,**                              )
                                                     )
**and,**                                             )

12

ANN GARDNER, Commonwealth's                   )
Attorney for the County of Alleghany          )
and the City of Covington, in her             )
official capacity,                            )
9212 Winterberry Avenue, Suite C,             )
Covington, VA 24426,                          )
                                              )
and,                                          )
                                              )
MARSHA L. GARST,                              )
Commonwealth's Attorney for the               )
County of Rockingham and the City of          )
Harrisonburg, in her official capacity,       )
53 Court Square, Suite 210,                   )
Harrisonburg, VA 22801,                       )
                                              )
and,                                          )
                                              )
ARTHUR L. GOFF, Commonwealth's                )
Attorney for the County of                    )
Rappahannock, in his official capacity,       )
239 Gay Street,                               )
Washington, VA 22747,                         )
                                              )
and,                                          )
                                              )
WILLIAM E. GREEN,                             )
Commonwealth's Attorney for the               )
County of Charlotte, in his                   )
official capacity,                            )
111 Legrande Avenue,                          )
Charlotte, VA 23923,                          )
                                              )
and,                                          )
                                              )
NATHAN GREEN, Commonwealth's                  )
Attorney for the County of James City         )
and the City of Williamsburg, in his          )
official capacity,                            )
5201 Monticello Avenue, Suite 4,              )
Williamsburg, VA 23188,                       )
                                              )
and,                                          )
                                              )
JUSTIN GRIFFITH, Commonwealth's               )

**Attorney for the County of Pulaski,**                              )
**in his official capacity,**                                        )
**240 Jefferson Avenue,**                                            )
**Pulaski, VA 24301,**                                               )
                                                                     )
**and,**                                                             )
                                                                     )
**KERI GUSMANN, Commonwealth's**                                     )
**Attorney for the County of King**                                  )
**George, in her official capacity,**                                )
**9483 Kings Highway, #4,**                                          )
**King George, VA 22485,**                                           )
                                                                     )
**and,**                                                             )
                                                                     )
**HOWARD E. GWYNN,**                                                 )
**Commonwealth's Attorney for the**                                  )
**City of Newport News, in his**                                     )
**official capacity,**                                               )
**2501 Washington Avenue, 6ᵗʰ Floor,**                               )
**Newport News, VA 23607,**                                          )
                                                                     )
**and,**                                                             )
                                                                     )
**JEFFREY HAISLIP, Commonwealth's**                                  )
**Attorney for the County of Fluvanna,**                             )
**in his official capacity,**                                        )
**181 Main Street,**                                                 )
**Palmyra, VA 22963,**                                               )
                                                                     )
**and,**                                                             )
                                                                     )
**G. ANDY HALL, Commonwealth's**                                     )
**Attorney for the City of Martinsville,**                           )
**in his official capacity,**                                        )
**55 West Church Street,**                                           )
**Martinsville, VA 24114,**                                          )
                                                                     )
**and,**                                                             )
                                                                     )
**MATTHEW R. HAMEL,**                                                )
**Commonwealth's Attorney for the**                                  )
**City of Chesapeake, in his**                                       )
**official capacity,**                                               )
**307 Albemarle Drive, Suite 200A,**                                 )
**Chesapeake, VA 23322,**                                            )

<table>
<tr><td>

and,

**WENDY J.D. HANNAH,**
**Commonwealth's Attorney for the**
**County of Cumberland, in her**
**official capacity,**
**1 Courthouse Circle,**
**Cumberland, VA 23040,**

and,

**LEE RANDOLPH HARRISON,**
**Commonwealth's Attorney for the**
**County of Amelia, in his**
**official capacity,**
**9127 Washington Street,**
**Amelia, VA 23002,**

and,

**BETHANY HARRISON,**
**Commonwealth's Attorney for the**
**County of Lynchburg, in her**
**official capacity,**
**901 Church Street, 3rd Floor,**
**Lynchburg, VA 24504,**

and,

**ROBERT HASKINS, Commonwealth's**
**Attorney for the County of**
**Pittsylvania, in his official capacity,**
**11 North Main Street,**
**Chatham, VA 24531,**

and,

**BEN HEIDT, Commonwealth's**
**Attorney for the County of Caroline,**
**in his official capacity,**
**111 Ennis Street,**
**Bowling Green, VA 22427,**

and,

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td></tr>
</table>

15

**JAMES HINGELEY, Commonwealth's**  )
**Attorney for the County of Albemarle,**  )
**in his official capacity,**  )
**410 East High Street,**  )
**Charlottesville, VA 22902,**  )
  )
**and,**  )
  )
**BRIAN HOLOHAN, Commonwealth's**  )
**Attorney for the County of Roanoke,**  )
**in his official capacity,**  )
**305 East Main Street,**  )
**Salem, VA 24153,**  )
  )
**and,**  )
  )
**ELIZABETH K. HUMPHRIES,**  )
**Commonwealth's Attorney for the**  )
**City of Fredericksburg, in her**  )
**official capacity,**  )
**601 Caroline Street, Suite 600,**  )
**Fredericksburg, VA 22404,**  )
  )
**and,**  )
  )
**MICHAEL D. JONES,**  )
**Commonwealth's Attorney for the**  )
**County of Wythe, in his**  )
**official capacity,**  )
**235 South 4th Street, Suite 105,**  )
**Wytheville, VA 24382,**  )
  )
**and,**  )
  )
**DAVID L. LEDBETTER,**  )
**Commonwealth's Attorney for the**  )
**City of Waynesboro, in his**  )
**official capacity,**  )
**250 South Wayne Avenue, Suite 204,**  )
**Waynesboro, VA 22980,**  )
  )
**and,**  )
  )
**ROBERT M. LILLY, JR.,**  )
**Commonwealth's Attorney for the**  )
**County of Giles, in his**  )

official capacity,                    )
501 Wenoah Avenue,                    )
Pearisburg, VA 24134,                 )
                                      )
and,                                  )
                                      )
TIM MARTIN, Commonwealth's            )
Attorney for the County of Augusta,   )
in his official capacity,             )
6 East Johnson Street, 3rd Floor,     )
Staunton, VA 24401,                   )
                                      )
and,                                  )
                                      )
TRACY QUACKENBUSH MARTIN,             )
Commonwealth's Attorney for the       )
County of Halifax, in her             )
official capacity,                    )
8 South Main Street,                  )
Halifax, VA 24558,                    )
                                      )
and,                                  )
                                      )
PAUL A. MCANDREWS,                    )
Commonwealth's Attorney for the       )
County of Campbell, in his            )
official capacity,                    )
732 Village Highway,                  )
Rustburg, VA 24588,                   )
                                      )
and,                                  )
                                      )
COLETTE WALLACE MCEACHIN,             )
Commonwealth's Attorney for the       )
City of Richmond, in her              )
official capacity,                    )
400 North Ninth Street, Room 100,     )
Richmond, VA 23219,                   )
                                      )
and,                                  )
                                      )
R. E. MCGUIRE, Commonwealth's         )
Attorney for the County of Louisa,    )
in his official capacity,             )
100 West Main Street,                 )
Louisa, VA 23093,                     )

17

)
and,                                        )
                                            )
JARED L. MOON, Commonwealth's               )
Attorney for the City of Lexington and      )
the County of Rockbridge, in his            )
official capacity,                          )
20 South Randolph Street, Suite 301,        )
Lexington, VA 24450,                        )
                                            )
and,                                        )
                                            )
STEPHANIE MORALES,                          )
Commonwealth's Attorney for the             )
City of Portsmouth, in her                  )
official capacity,                          )
1345 Court Street, Suite 105,               )
Portsmouth, VA 23705,                       )
                                            )
and,                                        )
                                            )
J. SPENCER MORGAN,                          )
Commonwealth's Attorney for the             )
County of Accomack, in his                  )
official capacity,                          )
22477 Center Parkway,                       )
Accomack, VA 23301,                         )
                                            )
and,                                        )
                                            )
WESLEY NANCE, Commonwealth's                )
Attorney for the County of Bedford,         )
in his official capacity,                   )
123 East Main Street, Suite 302,            )
Bedford, VA 24523,                          )
                                            )
and,                                        )
                                            )
ANDREW NESTER, Commonwealth's               )
Attorney for the County of Henry,           )
in his official capacity,                   )
3160 Kings Mountain Road, Suite D,          )
Martinsville, VA 24112,                     )
                                            )
and,                                        )
                                            )

**JOSH NEWBERRY, Commonwealth's**    )
**Attorney for the County of Dickenson,**    )
**in his official capacity,**    )
**293 Main Street,**    )
**Clintwood, VA 24228,**    )
)
**and,**    )
)
**RICHARD NEWMAN,**    )
**Commonwealth's Attorney for the**    )
**City of Hopewell, in his**    )
**official capacity,**    )
**100 East Broadway, Room 252,**    )
**Hopewell, VA 23860,**    )
)
**and,**    )
)
**MICHAEL NEWMAN,**    )
**Commonwealth's Attorney for the**    )
**City of Danville, in his**    )
**official capacity,**    )
**341 Main Street, Suite 200,**    )
**Danville, VA 24541,**    )
)
**and,**    )
)
**ERIC L. OLSEN, Commonwealth's**    )
**Attorney for the County of Stafford,**    )
**in his official capacity,**    )
**1300 Courthouse Road,**    )
**Stafford, VA 22555,**    )
)
**and,**    )
)
**MARY K. PETTITT, Commonwealth's**    )
**Attorney for the County of**    )
**Montgomery, in her official capacity,**    )
**55 East Main Street, Suite 2B,**    )
**Christiansburg, VA 24073,**    )
)
**and,**    )
)
**GEORGETTE PHILLIPS,**    )
**Commonwealth's Attorney for the**    )
**County of Isle of Wight, in her**    )
**official capacity,**    )

19

**17000 Josiah Parker Circle,**                     )
**Isle of Wight, VA 23397,**                          )
                                                     )
**and,**                                             )
                                                     )
**JAMES CHRISTOPHER PLASTER,**                       )
**Commonwealth's Attorney for the**                  )
**County of Tazewell, in his**                       )
**official capacity,**                               )
**409 Main Street,**                                 )
**Tazewell, VA 24651,**                              )
                                                     )
**and,**                                             )
                                                     )
**JOSEPH D. PLATANIA,**                              )
**Commonwealth's Attorney for the**                  )
**City of Charlottesville, in his**                  )
**official capacity,**                               )
**605 East Main Street, Room 331,**                  )
**Charlottesville, VA 22902,**                       )
                                                     )
**and,**                                             )
                                                     )
**NARENDRA PLEAS,**                                  )
**Commonwealth's Attorney for the**                  )
**City of Suffolk, in her official capacity,**       )
**150 North Main Street,**                           )
**Suffolk, VA 23434,**                               )
                                                     )
**and,**                                             )
                                                     )
**CHRISTIAN EDWARD REHAK,**                          )
**Commonwealth's Attorney for the**                  )
**City of Radford, in his official capacity,**       )
**619 Second Street, Suite 140,**                    )
**Radford, VA 24141,**                               )
                                                     )
**and,**                                             )
                                                     )
**T. SCOTT RENICK, Commonwealth's**                  )
**Attorney for the County of New Kent,**             )
**in his official capacity,**                        )
**12001 Courthouse Circle,**                         )
**New Kent, VA 23124,**                              )
                                                     )
**and,**                                             )

**VINCENT L. ROBERTSON, SR.,**      )
**Commonwealth's Attorney for the**  )
**County of Sussex, in his**            )
**official capacity,**                    )
**20209 Thornton Square,**        )
**Sussex, VA 23884,**               )
                                   )
**and,**                         )
                                   )
**DANIEL RUTHERFORD,**        )
**Commonwealth's Attorney for the**  )
**County of Nelson, in his**        )
**official capacity,**                    )
**84 Courthouse Square,**         )
**Lovingston, VA 22949,**        )
                                   )
**and,**                         )
                                   )
**JULIA HUTT SICHOL,**         )
**Commonwealth's Attorney for the**  )
**County of Westmoreland, in her**  )
**official capacity,**                    )
**175 Polk Street, Door 256,**     )
**Montross, VA 22520,**          )
                                   )
**and,**                         )
                                   )
**JOHN C. SINGLETON,**         )
**Commonwealth's Attorney for the**  )
**County of Bath, in his official capacity,**  )
**54 Courthouse Hill Road,**      )
**Warm Springs, VA 24484,**    )
                                   )
**and,**                         )
                                   )
**ANTHONY G. SPENCER,**      )
**Commonwealth's Attorney for the**  )
**County of Lancaster, in his**      )
**official capacity,**                    )
**8625 Mary Ball Road,**         )
**Lancaster, VA 22503,**        )
                                   )
**and,**                         )
                                   )
**ROSS P. SPICER, Commonwealth's**  )

21

**Attorney for the County of Frederick,**                )
**in his official capacity,**                            )
**107 North Kent Street, 4th Floor,**         )
**Winchester, VA 22601,**                                )
                                                         )
**and,**                                                 )
                                                         )
**JORDAN SPIERS, Commonwealth's**                        )
**Attorney for the County of Lunenburg,**                )
**in her official capacity,**                            )
**11409 Courthouse Road,**                               )
**Lunenburg, VA 23952,**                                 )
                                                         )
**and,**                                                 )
                                                         )
**ZACHARY A. STOOTS,**                                   )
**Commonwealth's Attorney for the**                      )
**County of Russell, in his**                            )
**official capacity,**                                   )
**53 West Main Street,**                                 )
**Lebanon, VA 24266,**                                   )
                                                         )
**and,**                                                 )
                                                         )
**SHANNON L. TAYLOR,**                                   )
**Commonwealth's Attorney for the**                      )
**County of Henrico, in her**                            )
**official capacity,**                                   )
**4309 East Parham Road,**                               )
**Richmond, VA 23228,**                                  )
                                                         )
**and,**                                                 )
                                                         )
**JACK A. THORNTON, III,**                               )
**Commonwealth's Attorney for the**                      )
**County of Northampton, in his**                        )
**official capacity,**                                   )
**5229 The Hornes,**                                     )
**Eastville, VA 23347,**                                 )
                                                         )
**and,**                                                 )
                                                         )
**ELIZABETH A. TRIBLE,**                                 )
**Commonwealth's Attorney for the**                      )
**County of Richmond, in her**                           )
**official capacity,**                                   )

22

116 Wallace Street,    )
Warsaw, VA 22572,    )
    )
and,    )
    )
ROBERT H. TYLER, Commonwealth's    )
Attorney for the County of Charles    )
City, in his official capacity,    )
10710 Courthouse Road,    )
Charles City, VA 23030,    )
    )
and,    )
    )
PAUL WALTHER, Commonwealth's    )
Attorney for the County of Culpeper,    )
in his official capacity,    )
118 West Davis Street,    )
Culpeper, VA 22701,    )
    )
and,    )
    )
LEANNE WATROUS,    )
Commonwealth's Attorney for the    )
County of Nottoway, in her    )
official capacity,    )
300 West Courthouse Road,    )
Crewe, VA 23930,    )
    )
and,    )
    )
PATRICIA TAYLOR WATSON,    )
Commonwealth's Attorney for the    )
County of Greensville, in her    )
official capacity,    )
320 South Main Street,    )
Emporia, VA 23847,    )
    )
and,    )
    )
TIFFANY M. WEBB, Commonwealth's    )
Attorney for the County of King    )
William, in her official capacity,    )
351 Courthouse Lane, Suite 120,    )
King William, VA 23086,    )
    )
and,    )

23

**PATRICK D. WHITE,**
**Commonwealth's Attorney for the**
**County of Bland, in his**
**official capacity,**
**654 Main Street,**
**Bland, VA 24315,**

**and,**

**ANNE MCCARDELL WILLIAMS,**
**Commonwealth's Attorney for the**
**County of Clarke, in her**
**official capacity,**
**102 North Church Street,**
**Berryville, VA 22611,**

**and,**

**AMANDA MCDONALD WISELEY,**
**Commonwealth's Attorney for the**
**County of Shenandoah, in her**
**official capacity,**
**215 Mille Road, Suite 109,**
**Woodstock, VA 22664,**

**and,**

**JERRY ALLEN WOLFE,**
**Commonwealth's Attorney for the**
**City of Bristol, in his official capacity,**
**110 Piedmont Avenue, Suite 202,**
**Bristol, VA 24203,**

**and,**

**JANE WRIGHTSON,**
**Commonwealth's Attorney for the**
**County of Northumberland, in her**
**official capacity,**
**6908 Northumberland Highway,**
**Heathsville, VA 22473,**

       *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

24

## FIRST AMENDED COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COME NOW Northern Virginia Hemp and Agriculture LLC ("NOVA Hemp"), a

Virginia limited liability company; Rose Lane, an individual; and Franny's Operations, Inc.

("Franny's Farmacy"), a North Carolina corporation, by and through their undersigned attorneys,

and hereby allege as follows:

### INTRODUCTION

1.   The Cannabis sativa plant was first domesticated by humans approximately 12,000

years ago. Commonly known as cannabis or marijuana, the plant naturally contains

tetrahydrocannabinolic acid (THCA), a non-psychotropic cannabinoid, which is

converted into tetrahydrocannabinol, or THC, through the process of

decarboxylation—when the plant is dried and/or heated. THC is a psychoactive drug.

There are several molecular variations, or isomers, of THC, but the main one that is

known to induce the intoxicating effect from smoking or eating processed marijuana

is Delta-9 THC.

2.   While there is written evidence that humans used marijuana for recreational purposes

as far back as Greek and Roman times, the plant was also used medicinally and to

make things like paper, textiles, clothing, biofuel, and foodstuffs for thousands of

years. Hemp, also known as industrial hemp, is a cultivar of cannabis with a low THC

content that is specifically meant to be used for those non-recreational purposes.

3.   Since passage of the Controlled Substances Act of 1970 ("CSA"), marijuana was

classified as a Schedule 1 drug, making it illegal to possess, cultivate, use, buy, or sell

cannabis in the United States no matter what its THC content. At that time, Congress

had determined that marijuana had "no currently accepted medical use." The CSA's definition of marijuana did not originally distinguish between cannabis being used recreationally for its THC content and hemp that could be used for medicinal or industrial use.

4.   Over the ensuing decades, opinions began to change regarding whether hemp should be treated the same as marijuana under the CSA. Some states began enacting laws that permitted the intrastate cultivation and use of marijuana for medicinal purposes, such as Proposition 215 in California that was passed in 1996.

5.   Congress did not change the scope of the CSA in the face of those new state laws, and the federal government continued to enforce the CSA's prohibitions under the premise that the federal criminalization of marijuana was within Congress' power to regulate interstate commerce under Article I, Section 8, Clause 3 of the U.S. Constitution (the "Commerce Clause").

6.   The U.S. Supreme Court agreed with the federal government's position in *Gonzales v. Raich*, 545 U.S. 1 (2005), where the Court held that marijuana grown, processed, and consumed in California for medicinal purposes under that state's laws, without ever crossing state lines, was nevertheless still illegal under the CSA and within Congress' power to criminalize under the Commerce Clause and Supremacy Clause, notwithstanding California's determination that there was a valid medicinal use for marijuana.

7.   Eventually, Congress concluded that hemp did not pose the same danger to the country as marijuana. Under the Agriculture Improvement Act of 2018 (the "Farm Act"), Congress legalized "hemp" defined as: "the plant Cannabis sativa L. and any

26

part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a Delta-9 [THC] concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C. § 1639o(1).[1]

8.   Based on that definition, hemp under federal law is determined solely by its concentration of Delta-9 THC. Concentrations of any natural isomers (like Delta-8 or Delta-10 THC) or synthetic isomers (like Delta-3 or Delta-4 THC) of Delta-9 are not relevant to whether a product of the Cannabis sativa plant qualifies as hemp.

9.   The Farm Act simultaneously amended the CSA's definition of marijuana to exclude hemp as defined under 7 U.S.C. § 1639o(1), thus making hemp legal under federal law for the first time since the CSA was enacted. 21 U.S.C. § 802(16). The Farm Act also added "tetrahydrocannabinols, except for tetrahydrocannabinols in hemp" as a Schedule 1 drug, further emphasizing that hemp was no longer criminalized under the CSA. 21 U.S.C. § 812(c).

10.  Consistent with the federal government's prior stance that it had the authority to regulate marijuana pursuant to the Commerce Clause, and pursuant to authority granted under 7 U.S.C. § 1639r of the Farm Act, the Secretary of Agriculture promulgated 7 C.F.R. § 990.63, which states: "No State or Indian Tribe may prohibit the transportation or shipment of hemp lawfully produced" under federal regulations.

11.  Taken together, the Farm Act and the regulations promulgated by the Secretary of Agriculture indicate that the federal government expressly determined that hemp, as

---

[1] Under federal regulations, the total Delta-9 THC content for hemp is derived from the sum of the Delta-9 THC and Delta-9 THCA in the product on a dry weight basis. 7 C.F.R. § 990.1.

defined by its Delta-9 THC concentration, was now legal, and the States could not criminalize or otherwise block the commercial market for hemp.

12.  Up until July 1, 2023, Virginia law defined hemp and products thereof in accordance with the Farm Act. That changed with the passage of SB 903, which was signed by Governor Youngkin on April 12, 2023, and went into effect on July 1, 2023.

13.  While SB 903 defined "industrial hemp" in accordance with the Farm Act's definition of hemp, it implemented a new standard for "hemp products," "industrial hemp extracts," and other derivatives of hemp in which the substance in question could not have more than 0.3 percent of "total [THC]," in it to be legal, with "total [THC]" adding together the quantities of Delta-9 THC and all natural and synthetic isomers, including Delta-8 THC. Va. Code § 3.2-4112. In other words, a hemp product with 0.4 percent Delta-8 THC and no Delta-9 THC at all would be illegal under Virginia law, although perfectly legal under the Farm Act.

14.  SB 903 also makes it illegal to sell industrial hemp to a manufacturer anywhere in the world that creates hemp products that do not comply with Virginia's new "total [THC]" standard.

15.  SB 903 also harms manufacturers and distributors in other States that previously exported hemp and its products to Virginia under the federal standard, but those products are now illegal under Virginia's new "total [THC]" standard.

16.  SB 903 also forces interstate transportation of hemp products that are legal under federal law but now illegal under the "total THC" standard to have to detour around Virginia.

17. In sum, a plethora of hemp products that are legal under the Farm Act are now illegal in Virginia under SB 903, which negatively impacts the interstate commerce of hemp as protected under the Farm Act.

18. Plaintiffs, who are adversely affected by SB 903 because they manufacture, sell, purchase, possess, or transport various products and substances containing THC that are legal under federal law but are now prohibited under Virginia law, maintain that the federal government, through the Farm Act, has occupied the space of determining the acceptable THC content of legal hemp and its products, and has prohibited the States from interfering with the market for those products. Virginia's new hemp laws that redefine hemp products to this stricter standard are necessarily preempted by the Farm Act, and the Defendants must be enjoined from enforcing those laws.

## THE PARTIES

1. NOVA Hemp is a Virginia limited liability corporation that is licensed to do business in the Commonwealth of Virginia that sells various products and substances containing THC in a retail store located in Marshall, Virginia.

2. Rose Lane is an adult resident of the Commonwealth of Virginia.

3. Franny's Farmacy is a North Carolina corporation that manufactures various hemp products and substances containing THC in North Carolina and exports those hemp products and substances for sale in the Commonwealth of Virginia, including this Court's district. A subsidiary of Franny's Farmacy operates a franchise located in Warrenton, Virginia.

4. The Commonwealth of Virginia is named as a defendant as this lawsuit challenges the constitutionality of the particular Virginia laws identified herein.

5. Governor Glenn Youngkin is named in his official capacity as the governor for the Commonwealth of Virginia, who is the executive ultimately responsible for executing the laws of the Commonwealth, including SB 903.

6. Attorney General Jason Miyares is named as a defendant in his official capacity due to his authority to enforce the laws at issue, *see*, *e.g.*, Va. Code §§ 18.2-251.1:3, 18.2-371.2, 59.1-203, and 59.1-206.

7. The Board of Agriculture and Consumer Services (the "Agriculture Board") is named as a defendant due to its authority to enforce the laws at issue, *see*, *e.g.*, Va. Code §§ 3.2-4114, 3.2-5145.4, 3.2-5145.5, 59.1-200, 59.1-203, and 59.1-206.

8. Joseph Guthrie is named in his official capacity as the Commissioner of the Virginia Department of Agriculture and Consumer Services due to his authority to enforce the laws at issue, *see*, *e.g.*, Va. Code §§ 3.2-4114.2, 3.2-4116, 3.2-4122, 3.2-4124, 3.2-4125, 3.2-4126, 3.2-5100, 3.2-5145.2:1, 59.1-203, and 59.1-206.

9. The Virginia Cannabis Control Authority (the "Authority") is named as a defendant due to its authority to enforce the laws at issue, *see*, *e.g.*, Va. Code §§ 4.1-600, 59.1-203, and 59.1-206.

10. Parisa Dehghani-Tafti, Heather Hovermale, Meredith Adkins, John R.H. Alexander, Gerald D. Arrington, Amy Ashworth, Kemper M. Beasley, III, Anton A. Bell, John S. Bell, Clarissa Berry, Buta Biberaj, Travis Bird, William Blaine, Dayna Kendrick Bobbitt, Jonathan Bourlier, Tom C. Bowen, III, Thomas E. Bowers, Brandon Boyles, Eric Branscom, Roger D. Brooks, Cooper Brown, Tiffany Buckner, Donald S. Caldwell, W. Lyle Carver, D. Michael Caudill, Bryan Cave, Robert Cerullo, R. E. Chalkley, Megan Clark, Alfred E. Collins, Edwin Consolvo, Eric A. Cooke, H. Fuller

30

Cridlin, Joshua Cumbow, Stacey Davenport, Derek Davis, M. Brett Hall, Steve Descano, Vince S. Donoghue, Melissa A. Dowd, Matthew Dunne, John Dusewicz, Josh O. Elrod, Roy F. Evans, Ramin Fatehi, Kyle Kilgore, Susan Fierro, Leslie M. Fleet, Jeffrey Gaines, Ann Gardner, Marsha L. Garst, Arthur L. Goff, William E. Green, Nathan Green, Justin L. Griffith, Keri Gusmann, Howard E. Gwynn, Jeffrey Haislip, G. Andy Hall, Matthew R. Hamel, Wendy J.D. Hannah, Lee Randolph Harrison, Bethany Harrison, Robert Haskins, Ben Heidt, James Hingeley, Brian Holohan, Scott Hook, Michael Hurd, Elizabeth K. Humphries, Michael D. Jones, David L. Ledbetter, Robert M. Lilly, Jr., Tim Martin, Tracy Quackenbush Martin, Paul A. McAndrews, Colette Wallace McEachin, R. E. McGuire, Jared L. Moon, Stephanie Morales, J. Spencer Morgan, Wesley Nance, R. Allen Nash, Andrew Nester, Josh Newberry, Michael Newman, Richard Newman, Eric L. Olsen, Diana Wheeler O'Connell, Mary K. Pettitt, Georgette Phillips, James Christopher Plaster, Joseph Platania, Narendra Pleas, Bryan Porter, Christian Edward Rehak, T. Scott Renick, Vincent L. Robertson, Sr., Daniel Rutherford, Julia Hutt Sichol, John C. Singleton, Anthony G. Spencer, Ross P. Spicer, Jordan Spiers, Colin Stolle, Zachary Stoots, Shannon L. Taylor, Jack A. Thornton, III, Elizabeth Trible, Robert H. Tyler, Paul Walther, Leanne E. Watrous, Patricia Taylor Watson, Tiffany M. Webb, Patrick D. White, Anne McCardell Williams, Amanda McDonald Wiseley, Jerry Allen Wolfe, and Jane Wrightson are each named as a defendant in his or her official capacity as a Commonwealth's Attorney for the various counties and cities of Virginia, due to their authority to enforce the laws at issue within their respective jurisdictions, *see*, *e.g.*, Va. Code §§ 18.2-251.1:3, 18.2-371.2, 59.1-203, and 59.1-206.

## JURISDICTION AND VENUE

11.  This action raises federal questions under the United States Constitution, particularly the Commerce Clause of Article I, Section 8, Clause 3, and the Supremacy Clause of Article IV, Clause 2.

12.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1337(a), as well as 42 U.S.C. § 1983.

13.  This Court has authority to award the requested declaratory relief under 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57; and the requested injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908) and Federal Rule of Civil Procedure 65.

14.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all events giving rise to the claims herein occurred within the Eastern District of Virginia and most of the Defendants reside in the Eastern District of Virginia.

15.  Alexandria is the proper venue for this action as most of the facts relevant to this case are with the Plaintiffs, the majority of whom reside or do business in this Court's geographic ambit.

## FACTUAL BACKGROUND

### The Farm Act

16.  On December 20, 2018, President Trump signed the Farm Act into law, which, for the first time, recognized hemp as a commodity that could be legally cultivated, processed, transported, and sold in the United States, as separate from marijuana that remained a Schedule 1 drug under the CSA.

17.  The Farm Act specifically defined "hemp" as "the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts,

cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a Delta-9 [THC] concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C. § 1639o(1).[2] By its plain language, the Farm Act's definition of hemp excludes consideration of the various natural and synthetic isomers of Delta-9 THC, including Delta-8 and Delta-10 THC.[3]

18. The Farm Act also amended the Controlled Substances Act, 21 U.S.C. § 802(16), to exclude hemp from the definition of marijuana, as well as include as a Schedule 1 drug "tetrahydrocannabinols, except for tetrahydrocannabinols in hemp." 21 U.S.C. § 812(c).

19. In other words, the Farm Act intentionally and explicitly separated hemp from marijuana, and defined hemp solely according to the concentration of Delta-9 THC in that substance.

20. The Farm Act also permitted the States and Indian Tribes to assume "primary regulatory authority over the production of hemp" in their respective territories by submitting to the Secretary of Agriculture a plan to monitor and regulate that production. 7 U.S.C. § 1639p.

---

[2] The 0.3 percent level includes the "measurement of uncertainty" in testing a sample. Thus, under federal regulations, if a tested sample reports a level of Delta-9 THC of 0.35 percent, and there is a 0.06 percent measurement of uncertainty, then the total Delta-9 THC level for that sample ranges from 0.29 percent to 0.41 percent. Since the low end of that range is within the 0.3 percent required level, the sample is considered to have an "acceptable hemp THC level." 7 C.F.R. § 990.1.

[3] Federal regulations define "THC" as being "interchangeable" with Delta-9 THC. 7 C.F.R. § 990.1.

21.   The Commonwealth of Virginia submitted a plan that was approved by the U.S. Department of Agriculture (the "Virginia Plan").[4] The Virginia Plan only concerns regulations for the growing of hemp, in compliance with the requirements of 7 U.S.C. § 1639p.

22.   The Farm Act included a note under Sec. 10114 with regard to interstate commerce, stating that, as a rule of construction, "Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp [as defined in 7 U.S.C. § 1639o(1)] or hemp products." The same note stated: "No State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with [federal law] through the State or territory of the Indian Tribe, as applicable." Pursuant to 7 U.S.C. § 1639r(a)(1)(A), the Secretary of Agriculture promulgated a series of regulations to enforce the Farm Act's requirements, including 7 C.F.R. § 990.63, which states: "No State or Indian Tribe may prohibit the transportation or shipment of hemp lawfully produced under a State or Tribal plan approved" by the U.S. Department of Agriculture, or pursuant to another federally recognized and approved method.

23.   The Farm Act and the regulations promulgated by the Secretary of Agriculture both expressly and impliedly preempt State laws in the definition of what shall be considered legal hemp, the latter constituting both field preemption under *Arizona v. United States*, 567 U.S. 387, 399 (2012), and conflict/obstacle preemption under *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941).

---

[4] *See*: https://www.ams.usda.gov/sites/default/files/media/VAHempPlan.pdf. The Virginia Plan has not been modified since passage of SB 903.

24. Up until July 1, 2023, Virginia law adopted the Farm Act's definition of hemp and implemented its federally-approved monitoring plan in accordance with that definition.

### The New Virginia Law

25. On April 12, 2023, Governor Youngkin signed SB 903, which changed how Virginia law treated hemp and various derivatives thereof. SB 903 did not incorporate any kind of transition period—it went into full effect immediately on July 1, 2023.

26. The primary change that SB 903 implements is to discard the federal standard for hemp, based on the concentration of Delta-9 THC, and instead utilize a "total THC" standard in which all natural and synthetic isomers of THC, including Delta-8, Delta-9, Delta-10, and so forth are added together to create a "total THC" concentration that may not exceed the same 0.3 percent amount used in federal law.

27. The result of Virginia's "total THC" standard is that numerous products that qualify as "hemp" under federal law for having a concentration of Delta-9 THC of no more than 0.3 percent are now illegal in Virginia because the "total THC" level includes isomers that are not relevant under the federal standard. SB 903 implements the "total THC" standard in multiple sections of the Virginia Code.

28. SB 903 also prohibits registered processors of industrial hemp from selling industrial hemp or a substance containing industrial hemp extract to anyone, anywhere in the world, that the processor knows or has reason to know will use that product to create a new product that violates the "total THC" standard.

29. The specific contours of the "total THC" standard and the prohibition on selling noted above are examined in more detail below.

30. **Hemp Products:** SB 903 modifies the definition of a "hemp product"[5] to mean a finished product containing industrial hemp that, when offered for retail sale, "(a) contains a total [THC] concentration of no greater than 0.3 percent and (b) contains either no more than two milligrams of total [THC] per package or an amount of cannabidiol that is no less than 25 times greater than the amount of total [THC] per package." Va. Code § 3.2-4112.

31. The total THC levels for hemp products are measured by using "any naturally occurring or synthetic [THC]," regardless of whether it was Delta-9 THC or an isomer thereof. *Id.*

32. By including isomers of Delta-9 THC in the "total THC" measure, SB 903's measure is more restrictive than the federal standard of 7 U.S.C. § 1639o(1), which only measures Delta-9 THC for what qualifies as legal hemp. The alternative method based on milligrams of total THC or its relation to the amount of cannabidiol also fails to adhere to the federal standard and is more restrictive.

33. Virginia's new law further forbids the sale of any other "substance intended for human consumption, orally or by inhalation," under the same "total THC" standard as for hemp products. Va. Code § 3.2-4126(B).

34. Sellers of hemp products must obtain a registration from the Commissioner and pay a fee. *See* Va. Code § 3.2-4122.

35. The Commissioner is authorized to access the premises of registered sellers of hemp products to enforce the requirements of the Virginia law, including testing those products to make sure they meet the "total THC" levels noted above, Va. Code § 3.2-

---

[5] "Hemp products" includes edible, topical, and smokable hemp products. Va. Code § 3.2-4112.

4125, and is empowered to subject sellers to civil penalties for failing to abide by those laws, including fines up to $10,000 per day. Va. Code § 3.2-4126.

36. **Industrial Hemp:** SB 903 preserves the original definition of "industrial hemp" as being "any part of the plant Cannabis sativa, including seeds thereof, whether growing or not, with a concentration of [THC] that is no greater than that allowed by federal law." Va. Code § 3.2-4112, *and see* Va. Code § 3.2-5145.1.

37. However, SB 903 mandates that a processor of industrial hemp "shall not sell industrial hemp . . . to a person if the processor knows or has reason to know that such person will use the industrial hemp or substance containing industrial hemp extract in a substance that (i) contains a total [THC] concentration that is greater than 0.3 percent or (ii) contains more than two milligrams of total [THC] per package and does not contain an amount of cannabidiol that is at least 25 times greater than the amount of total [THC] per package." Va. Code § 3.2-4116(C).

38. As with hemp products, the total THC concentration is calculated by adding together "any naturally occurring or synthetic [THC]," regardless of whether it was Delta-9 THC or an isomer thereof. Va. Code § 3.2-4112.

39. Similar to "hemp products," SB 903's restriction on who industrial hemp may be sold to is more restrictive than the federal standard because the "total THC" standard does not solely measure Delta-9 THC. It also imposes an unreasonable burden on the seller to investigate what the buyer may or may not do with the industrial hemp extract. Finally, Va. Code § 3.2-4116(C) prohibits the sale of industrial hemp extract to theoretically anyone in the world who might use the extract to create a now-

prohibited product, even if the buyer is in a location where it is perfectly legal to engage in that use.

40. **<u>Industrial Hemp Extracts</u>:** SB 903 also modifies the definition of "industrial hemp extract" to mean an extract of industrial hemp offered for retail sale that meets the same "total THC" standard as hemp products. Va. Code §§ 3.2-5145.1, 3.2-5145.4.

41. As with hemp products, the total THC levels for industrial hemp extracts are measured by using "any naturally occurring or synthetic [THC]," regardless of whether it was Delta-9 THC or an isomer thereof. Va. Code § 3.2-4112.

42. Similarly to "hemp products," SB 903's restriction on industrial hemp extracts is more restrictive than the federal standard because the "total THC" standard does not solely measure Delta-9 THC.

43. SB 903 further prohibits industrial hemp producers and processors from selling "a substance containing an industrial hemp extract, as defined in § 3.2-5145.1, to a person if the processor knows or has reason to know that such person will use the industrial hemp or substance containing industrial hemp extract in a substance that (i) contains a total [THC] concentration that is greater than 0.3 percent or (ii) contains more than two milligrams of total [THC] per package and does not contain an amount of cannabidiol that is at least 25 times greater than the amount of total [THC] per package." Va. Code § 3.2-4116(C).

44. SB 903's restriction on who industrial hemp extracts may be sold to is more restrictive than the federal standard because the "total THC" standard does not solely measure Delta-9 THC. It also imposes an unreasonable burden on the seller to investigate what the buyer may or may not do with the industrial hemp extract.

Finally, Va. Code § 3.2-4116(C) prohibits the sale of industrial hemp extract to theoretically anyone in the world who might use the extract to create a now-prohibited product, even if the buyer is in a location where it is perfectly legal to engage in that use.

45.  The Commissioner is authorized to inspect retail businesses to enforce compliance, and such businesses could not sell industrial hemp extracts without a permit issued by the Commissioner. *See* Va. Code § 3.2-5100.

46.  The Agriculture Board is empowered under SB 903 to regulate industrial hemp extracts, including developing regulations for testing those extracts to ensure they meet the "total THC" levels noted above. *See* Va. Code § 3.2-5145.5.

47.  Sellers or manufacturers of industrial hemp extracts, including those who manufacture or sell an industrial hemp extract that does not meet the THC levels set under SB 903, can face civil penalties, including a fine of up to $10,000 per day. *See* Va. Code § 3.2-5145.2:1.

48.  **Drug Control Act:** SB 903 modifies the Virginia Drug Control Act ("VADCA"), Va. Code § 54.1-3400 *et seq.*, in that its definition of "marijuana" excludes "hemp products" and "industrial hemp extracts" as defined above, which are based on the new "total THC" standard that is more restrictive than the federal standard that measures only Delta-9 THC. Va. Code § 54.1-3408. Therefore, some products that qualify as "hemp" under federal law will be treated as "marijuana" under Virginia law.

49.  **The Authority:** The Authority has the power to "control the possession, sale, transportation, and delivery of marijuana and marijuana products" in the

Commonwealth. Va. Code § 4.1-604(2). The Authority also has the power to issue regulations to control marijuana and hemp products in the Commonwealth, including establishing "a maximum [THC] level for retail marijuana products, which shall not exceed (i) five milligrams per serving for edible marijuana products and where practicable an equivalent amount for other marijuana products or (ii) 50 milligrams per package for edible marijuana products and where practicable an equivalent amount for other marijuana products." Va. Code § 4.1-606(7).

50.   SB 903 also modifies the definition of "marijuana" for the purpose of circumscribing the Authority's powers, excluding from its ambit the new definitions of hemp products (pursuant to Va. Code § 3.2-4112) and industrial hemp extracts (pursuant to Va. Code § 3.2-5145.1) noted above. *See* Va. Code § 4.1-600. As a result, some products that qualify as "hemp" under federal law will be treated as "marijuana" under Virginia law.

51.   **Criminal Law:** Industrial hemp, hemp products, and industrial hemp extracts, as defined above, are excluded under SB 903 from the definition of marijuana in the criminal code. Va. Code § 18.2-247(D). However, by implication, hemp products and industrial hemp extracts that would qualify as "hemp" under 7 U.S.C. § 1639o(1) because of their Delta-9 THC concentration, but would not qualify under the Virginia's "total [THC]" approach, would be treated as marijuana under Virginia criminal law, which is still a Schedule I drug.

52.   In addition, the new definition of hemp products functionally expands the reach of Va. Code § 18.2-371.2, which addresses the purchase or possession of hemp products intended for smoking.

40

53. The Attorney General and all Virginia Commonwealth's Attorneys have authority to enforce the Commonwealth's criminal laws.

54. **Pharmaceutical Hemp:** SB 903 modifies the definition of marijuana as it applied under the Drug Control Act to exclude industrial hemp, hemp products, and industrial hemp extracts in the same manner as was done under VADCA and the criminal code. *See* Va. Code § 54.1-3401.

55. **Virginia Consumer Protection Act ("VCPA"):** Finally, SB 903 makes it unlawful to "sell or offer for sale any substance intended for human consumption, orally or by inhalation, that contains a synthetic derivative of [THC]" regardless of concentration, subject to limited exceptions. Va. Code § 59.1-200(A)(70). The Commissioner and Authority have authority to investigate and request that an action be brought to stop any violations of the VCPA. *See* Va. Code § 59.1-203(D-E). The Attorney General and all Virginia Commonwealth Attorneys can bring actions to enforce the VCPA. *See* Va. Code § 59.1-203(A). Violators can face civil penalties of between $2,500 and $5,000 per violation, in addition to other relief. *See* Va. Code §§ 59.1-205, 206.

56. **In sum:** SB 903 defines legal hemp products, industrial hemp extracts, cannabis oils, and other "substances" with respect to their *total* concentration of *any kind* of THC, instead of in accordance with 7 U.S.C. § 1639o(1) that only assesses the concentration of *Delta-9* THC in the product. As a result, the new Virginia law makes illegal a host of products that are currently legal under federal law.

57. The new Virginia law also prohibits those same products from being manufactured, processed, bought, sold, or possessed in, or imported into or exported out of the Commonwealth, and prohibits "industrial hemp" and "industrial hemp extracts" from

being sold to anyone who might use that product to create another product that violates the "total [THC]" standard. Both of these prohibitions violate 7 C.F.R. § 990.63, which mandates that the Commonwealth, like all other States, cannot impede the flow of hemp as defined by 7 U.S.C. § 1639o(1) in interstate commerce. Moreover, the Commonwealth cannot criminalize actions beyond its borders, which is precisely what Va. Code § 3.2-4116(C) seeks to do.

58. Under the U.S. Constitution's Supremacy Clause, federal law is "the supreme Law of the Land" notwithstanding any state law to the contrary. U.S. Const., Art. IV, Clause 2.

59. The federal government, through 7 U.S.C. § 1639o(1) of the Farm Act, and 7 C.F.R. § 990.63 as promulgated by the Secretary of Agriculture pursuant to authority granted under the Farm Act, expressly and impliedly preempted the ability of any State, including the Commonwealth of Virginia, from restricting the flow, sale, and purchase of hemp in interstate commerce throughout the United States, that hemp being expressly defined solely according to its concentration of Delta-9 THC.

60. The federal definition of hemp under 7 U.S.C. § 1639o(1) includes "derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not" of the Cannabis sativa plant, which includes "industrial hemp," "hemp products," "industrial hemp extracts," "cannabis oils," and other "substances" containing THC as defined under SB 903.

61. The Commonwealth does not have authority to re-define any part of the federal definition of hemp as it has done in SB 903.

42

62.  This lawsuit only seeks to enjoin those portions of SB 903 that (1) define hemp products, industrial hemp extracts, cannabis oils, and other substances containing THC under the "total THC" standard or other standard that is not in accordance with the federal definition of "hemp"; and (2) prohibit processors of industrial hemp in Virginia from engaging in transactions inside or outside the Commonwealth that are compliant with federal law but violate the "total THC" standard.

63.  This lawsuit does not seek to enjoin other portions of SB 903, including the product packaging requirements for hemp products and industrial hemp extracts. *See* Va. Code §§ 3.2-4123 (hemp products) and 5145.4:1 (industrial hemp extracts).

### The New Virginia Law Harms The Plaintiffs

64.  Those who manufacture, process, sell, buy, possess, import, or export hemp that is legal under federal law but now not legal under the current Virginia regime will be directly harmed by the new law.

65.  Specifically, attached as **Exhibit One** hereto is a list of almost 500 products that qualify as hemp under federal law due to their concentration of Delta-9 THC and were legally commercially sold in Virginia prior to July 1, 2023, but are now illegal to manufacture, buy, sell, possess, or transport in Virginia under SB 903's new "total THC" standard (the "Banned Products"). The Banned Products are not an exhaustive list, as there are new hemp products continuously being developed for retail sale throughout the country. The Banned Products are a representative sample, identified through the reasonable efforts of counsel, most of them being products specifically manufactured or sold by one or more Plaintiffs.

*Plaintiff NOVA Hemp*

66. NOVA Hemp is a Virginia limited liability corporation authorized to do business in the Commonwealth of Virginia. It operates a retail store in the Commonwealth that sells a variety of hemp products and other substances containing THC pursuant to valid Virginia registration issued to it by VDACS.

67. NOVA Hemp is harmed by SB 903 in that approximately 95% of the products it manufactured and sold prior to July 1, 2023 were Banned Products that it can no longer sell.

68. NOVA Hemp is also barred from importing and selling any hemp products that conflict with the new "total THC" standard imposed by SB 903.

69. NOVA Hemp's gross revenue has dropped drastically from not being able to sell Banned Products under the new Virginia law that would otherwise be legal under federal law. NOVA Hemp estimates that its losses in revenues and increased compliance costs have already caused it to lose approximately $40,000 per month compared with its previously projected revenues, which is a total loss of approximately 90% of its business.

70. NOVA Hemp cannot continue as a viable business under these conditions. Without the Banned Products, it will be soon forced to lay off employees, reduce production, and potentially close its retail store and production facility as a direct result of SB 903.

71. NOVA Hemp cannot simply substitute products that are legal under the federal and Virginia laws, as consumer demand for those products is significantly less than the demand for the Banned Products.

72. NOVA Hemp risks losing its registration or face other sanctions if it sells any Banned Products.

73. NOVA Hemp is also harmed in that it or its employees may face criminal charges under Va. Code §§ 18.2-247 and 371.2 for possession of Banned Products that are legal hemp under federal law but now are included in the definition of "marijuana" under SB 903, which increases compliance costs.

### *Plaintiff Rose Lane*

74. Rose Lane is an elderly resident of the Commonwealth of Virginia who suffers from arthritis, among other ailments, that causes her pain, discomfort, difficulty sleeping, and other health problems.

75. While Ms. Lane has been prescribed a variety of medications by her primary care doctor to treat those symptoms, none have worked to ease her suffering.

*76.* For the past several years, Ms. Lane has been using a variety of hemp products and tinctures that successfully address those symptoms. Those products, which she takes before going to bed at night, enable her to sleep without discomfort or pain, and allow her to wake up the next morning feeling rested and energetic. She uses those products responsibly, and they are the only products she has found that relieve her symptoms.

77. The products she has been using for her arthritis symptoms are now banned under the new Virginia SB 903 law. She can no longer purchase them.

78. There are no other hemp products she has found that meet the new Virginia "total THC" standard and adequately treat her symptoms.

79. Ms. Lane is greatly concerned that her arthritis symptoms will get much worse if she is denied access to the hemp products and tinctures she has been using, resulting in

her suffering constant pain and being unable to get a good night's sleep, among other problems.

80. Ms. Lane is also greatly concerned that since she still possesses a small quantity of these now-banned hemp products for her personal, responsible use, she could be prosecuted for possession of marijuana under Va. Code §§ 18.2-247(D) and 248.

### *Plaintiff Franny's Farmacy*

81. Franny's Farmacy is a North Carolina corporation that engages in the production and sale of hemp products and substances containing THC and CBD for retail sale, in compliance with federal and North Carolina law.

82. Franny's Farmacy grows its own hemp in accordance with federal and North Carolina law, but also purchases hemp from growers and processors in other States to make its hemp products.

83. Franny's Farmacy also has a subsidiary company, called Franny's Franchising, Inc., that operates a series of franchises in Connecticut, Florida, Georgia, North Carolina, Virginia, the latter being located in Warrenton, VA.

84. The franchises sell the hemp products and substances that are manufactured by Franny's Farmacy.

85. As a direct result of SB 903's "total THC" standard, over 100 of Franny's Farmacy's hemp products and substances are now illegal as marijuana in Virginia, despite being legal under federal law.

86. The Franny's Farmacy franchise in Virginia has suffered a loss of approximately 90% in sales as a result of not being able to sell the Franny's Farmacy products that are legal under federal law but are now illegal in Virginia.

87. Franny's Farmacy cannot simply manufacture new products that are compliant with Virginia law to make up the shortfall because consumer demand for the now-banned products is significantly higher.

88. Workers at the Franny's franchise can face civil or criminal liability if they stock hemp products that are not compliant with the new Virginia law.

89. Franny's Farmacy also faces losses not only from its franchise's decimated sales but from the Farmacy's inability to sell its products in Virginia, including through other retail outlets.

90. Franny's Farmacy also faces increased costs to ship its products from the North Carolina facility to its franchise in Connecticut, as the hemp products it is shipping, which are legal in North Carolina and other States, are now illegal as marijuana in Virginia. That necessarily means that drivers transporting Franny's products cannot enter Virginia or else their cargo will expose them to criminal liability. To avoid that, therefore, shippers of Franny's products will have to detour around Virginia to deliver to Connecticut, which adds hundreds of miles and significantly increased transport costs, given that Virginia sits right in the middle of the Eastern seaboard.

91. Since Va. Code § 3.2-4116(C) prevents Virginia processors from selling to anyone, anywhere, who the processor knows or has reason to know might use their raw hemp and extracts to create a Banned Product, Franny's Farmacy is now unable to purchase industrial hemp and extracts from any Virginia processors.

## COUNT I: DECLARATORY JUDGMENT
### Express Federal Preemption

92. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-91 of this Complaint.

47

93.   The Commerce Clause grants Congress power to regulate interstate commerce among the several States.

94.   As established in *Gonzales v. Raich*, the Commerce Clause permitted Congress to criminalize marijuana throughout the United States and prohibit the States from decriminalizing any type of marijuana with their borders even if the marijuana in question was produced and consumed entirely intrastate.

95.   In contrapose, the Commerce Clause also grants Congress the authority to legalize hemp throughout the United States and prohibit the States from criminalizing or blocking the commercial flow of hemp, even for that hemp which is only produced and consumed intrastate.

96.   By enacting 7 U.S.C. § 1639o(1), Congress used its power under the Commerce Clause to mandate that hemp, as Congress so defined it under the Farm Act, was now legal as a commercial commodity throughout the United States.

97.   Congress expressly determined that hemp shall be determined solely according to the concentration of Delta-9 THC in that substance, derivative, or other product.

98.   By promulgating 7 C.F.R. § 990.63, the Secretary of Agriculture made express Congress' intent and authority to mandate the legalization of hemp as defined under 7 U.S.C. § 1639o(1) throughout the United States, and prohibited the States from interfering in the interstate commerce of that commodity.

99.   Congress' authority to define and legalize hemp under 7 U.S.C. § 1639o(1), pursuant to the Supremacy Clause, expressly preempts the States, including the Commonwealth of Virginia, from enacting or enforcing a more restrictive hemp regime.

100.  This express preemption further precludes the States from enacting or enforcing a more restrictive definition of hemp for hemp that is grown, processed, bought, sold, and consumed without crossing any State borders, pursuant to *Gonzales v. Raich*.

101.  As set forth in Va. Code §§ 3.2-4112, 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70), SB 903, by defining "hemp products," "industrial hemp extracts," "cannabis oils," and other "substances" containing THC according to a "total [THC]" level that includes isomers of Delta-9 THC (like Delta-8 and Delta-10 THC), unlawfully invades Congress' authority to establish a consistent and uniform standard for hemp legalization throughout the United States, and violates the Supremacy Clause and 7 C.F.R. § 990.63.

102.  SB 903's "total [THC]" definition for the various derivatives of hemp causes the Banned Products that are legal under 7 U.S.C. § 1639o(1) to be illegal in Virginia because they contain natural and/or synthetic isomers that together exceed the "total [THC]" concentration levels under the new Virginia law, even if the level of Delta-9 THC and THCA is below 0.3 percent.

103.  Thus, SB 903's implementation of a "total [THC]" requirement that includes isomers of Delta-9 THC directly interferes with interstate commerce in hemp.

104.  Plaintiffs, as growers, processors, buyers, sellers, importers, and exporters of hemp as defined under 7 U.S.C. § 1639o(1) are directly suffering irreparable harm as a result of SB 903's implementation of a new regime for determining acceptable levels of THC in products that may be processed, bought, or sold in, or imported to, or exported from Virginia.

105. If not enjoined, SB 903 will cause millions of dollars of irreparable harm to the Plaintiffs and other parties both in Virginia and elsewhere, and will cause the Banned Products to be unavailable in the Commonwealth, exacerbating potential health problems to thousands of Virginians.

106. Under 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57, this Court is empowered to award declaratory judgment in favor of the Plaintiffs, declaring Va. Code §§ 3.2-4112, 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70) to be in violation of Congress' authority under the Commerce Clause and the Supremacy Clause to the extent that each such statute implements or enforces a "total THC" standard in any derivative, extract, cannabinoid, isomer, acid, salt, or salt of isomers from the Cannabis sativa plant, whether growing or not, that is different from the standard set forth in 7 U.S.C. § 1639o(1).

107. This Court is empowered under *Ex parte Young*, 209 U.S. 123 (1908) and Federal Rule of Civil Procedure 65 to award injunctive relief to the Plaintiffs, enjoining the Defendants from enforcing Va. Code §§ 3.2-4112, 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70) to the extent those statutes implement a standard of THC in any product, derivative, or extract, that is more stringent from the standard set forth in 7 U.S.C. § 1639o(1).

108. Va. Code § 3.2-4116(C) is also expressly federally preempted by the Farm Act to the extent it interferes with the interstate commerce of hemp as defined therein by prohibiting registered processors of industrial hemp from selling industrial hemp or

50

any substance containing industrial hemp extract to anyone, anywhere who might use those products to create a new product that violates the "total THC" standard.

109. Under 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57, this Court is empowered to award declaratory judgment in favor of the Plaintiffs, declaring Va. Code §§ 3.2-4116(C) to be in violation of Congress' authority under the Commerce Clause and the Supremacy Clause to the extent that it implements or enforces a "total THC" standard in any derivative, extract, cannabinoid, isomer, acid, salt, or salt of isomers from the Cannabis sativa plant, whether growing or not, that is different from the standard set forth in 7 U.S.C. § 1639o(1).

110. This Court is empowered under *Ex parte Young*, 209 U.S. 123 (1908) and Federal Rule of Civil Procedure 65 to award injunctive relief to the Plaintiffs, enjoining the Defendants from enforcing Va. Code §§ 3.2-4116(C) to the extent it implements a standard of THC in any product, derivative, or extract, that is more stringent from the standard set forth in 7 U.S.C. § 1639o(1).

### COUNT II: DECLARATORY JUDGMENT
### Implied Federal Preemption

111. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-110 of this Complaint.

112. Alternatively, Congress' authority to define and legalize hemp under 7 U.S.C. § 1639o(1), pursuant to the Supremacy Clause, impliedly preempts the States, including the Commonwealth of Virginia, from enacting or enforcing a more restrictive hemp regime.

113. By specifically defining hemp as it is to be traded as a legal commodity throughout the United States in interstate commerce, Congress has "occupied the field" of hemp

and has by implication preempted the States from enacting or enforcing a more restrictive definition of hemp.

114. This implied preemption further precludes the States from enacting or enforcing a more restrictive definition of hemp for hemp that is grown, processed, bought, sold, and consumed without crossing any State borders.

115. As set forth in Va. Code §§ 3.2-4112, 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70), SB 903, by defining "hemp products," "industrial hemp extracts," "cannabis oils," and other "substances" containing THC according to a "total [THC]" level that includes isomers of Delta-9 THC (like Delta-8 and Delta-10 THC), unlawfully invades Congress' authority to establish a consistent and uniform standard for hemp legalization throughout the United States, and violates the Supremacy Clause and 7 C.F.R. § 990.63.

116. SB 903's "total [THC]" definition for the various derivatives or extracts of hemp causes numerous products that are legal under 7 U.S.C. § 1639o(1) to be illegal in Virginia because they contain natural and/or synthetic isomers that together exceed the "total [THC]" concentration levels under the new Virginia law, even if the level of Delta-9 THC and THCA is below 0.3 percent.

117. Thus, SB 903's implementation of a "total [THC]" requirement that includes isomers of Delta-9 THC directly interferes with interstate commerce in hemp.

118. Plaintiffs, as growers, processors, buyers, sellers, importers, and exporters of hemp as defined under 7 U.S.C. § 1639o(1) are directly suffering irreparable harm as a result of SB 903's implementation of a new regime for determining acceptable levels of

THC in products that may be processed, bought, or sold in, or imported to, or exported from Virginia.

119. If not enjoined, SB 903 will cause millions of dollars of irreparable harm to the Plaintiffs and other parties both in Virginia and elsewhere, and will cause the Banned Products to be unavailable in the Commonwealth, exacerbating potential health problems to thousands of Virginians.

120. Under 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57, this Court is empowered to award declaratory judgment in favor of the Plaintiffs, declaring Va. Code §§ 3.2-4112, 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70) to be in violation of Congress' authority under the Commerce Clause and the Supremacy Clause to the extent that each such statute implements or enforces a "total THC" standard in any derivative, extract, cannabinoid, isomer, acid, salt, or salt of isomers from the Cannabis sativa plant, whether growing or not, that is different from the standard set forth in 7 U.S.C. § 1639o(1).

121. This Court is empowered under *Ex parte Young*, 209 U.S. 123 (1908) and Federal Rule of Civil Procedure 65 to award injunctive relief to the Plaintiffs, enjoining the Defendants from enforcing Va. Code §§ 3.2-4112, 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70) to the extent those statutes implement a standard of THC in any product, derivative, or extract, that is more stringent from the standard set forth in 7 U.S.C. § 1639o(1).

122. Va. Code § 3.2-4116(C) is also impliedly federally preempted by the Farm Act to the extent it interferes with the interstate commerce of hemp as defined therein by prohibiting registered processors of industrial hemp from selling industrial hemp or any substance containing industrial hemp extract to anyone, anywhere who might use those products to create a new product that violates the "total THC" standard.

123. Under 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57, this Court is empowered to award declaratory judgment in favor of the Plaintiffs, declaring Va. Code §§ 3.2-4116(C) to be in violation of Congress' authority under the Commerce Clause and the Supremacy Clause to the extent that it implements or enforces a "total THC" standard in any derivative, extract, cannabinoid, isomer, acid, salt, or salt of isomers from the Cannabis sativa plant, whether growing or not, that is different from the standard set forth in 7 U.S.C. § 1639o(1).

124. This Court is empowered under *Ex parte Young*, 209 U.S. 123 (1908) and Federal Rule of Civil Procedure 65 to award injunctive relief to the Plaintiffs, enjoining the Defendants from enforcing Va. Code §§ 3.2-4116(C) to the extent it implements a standard of THC in any product, derivative, or extract, that is more stringent from the standard set forth in 7 U.S.C. § 1639o(1).

**COUNT III:  42 U.S.C. § 1983 – Commerce Clause**

125. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-124 of this Complaint.

126. SB 903, through the "total THC" standard and through Va. Code §§ 3.2-4116(C), violates the Commerce Clause which protects the manufacture, purchase, sale, trade,

transport, and consumption of hemp in interstate commerce as set forth in the Farm Act and in federal regulations.

127. The Farm Act and other related federal legislation and regulation confer a right to Plaintiffs to engage in the interstate trade of hemp as defined under federal law without interference by the Commonwealth.

128. SB 903's violation of that right enables the Plaintiffs each to make a claim under 42 U.S.C. § 1983. *See Dennis v. Higgins*, 498 U.S. 447-50 (1991).

129. Plaintiffs are each damaged as a result of the interference in the interstate commerce of hemp caused by SB 903's "total THC" standard and the restraint on sale in Va. Code §§ 3.2-4116(C).

130. This Court is empowered under *Ex parte Young*, 209 U.S. 123 (1908) and Federal Rule of Civil Procedure 65 to award injunctive relief to the Plaintiffs, enjoining the Defendants from enforcing Va. Code §§ 3.2-4112, 3.2-4116(C), 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70) to the extent those statutes implement a standard of THC in any product, derivative, or extract, that is more stringent from the standard set forth in 7 U.S.C. § 1639o(1), or otherwise impose an impermissible burden on Plaintiffs' rights to engage in the interstate trade of hemp.

### COUNT IV: 42 U.S.C. § 1983 – Dormant Commerce Clause

131. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1-130 of this Complaint.

132. SB 903 mandates that a registered processor of industrial hemp "shall not sell industrial hemp or a substance containing an industrial hemp extract as defined in §

3.2-5145.1, to a person if the processor knows or has reason to know that such person will use the industrial hemp or substance containing industrial hemp extract in a substance that" violates the same "total THC" standard enforced against hemp products as noted above. Va. Code § 3.2-4116(C).

133. The prohibition under Va. Code § 3.2-4116(C) applies no matter where the buyer of the industrial hemp or substance containing industrial hemp extract is located, or whether it is legal where the buyer is located to use those products to manufacture new products that are legal under the Farm Act but illegal under Virginia's "total THC" standard.

134. Va. Code § 3.2-4116(C) violates the Dormant Commerce Clause in that it seeks to regulate activity outside of the borders of the Commonwealth, or otherwise impede the flow of hemp in interstate commerce.

135. Violations of the Dormant Commerce Clause constitute a claim under 42 U.S.C. § 1983. *See Dennis v. Higgins*, 498 U.S. 439, 451 (1991).

136. This Court is empowered under *Ex parte Young*, 209 U.S. 123 (1908) and Federal Rule of Civil Procedure 65 to award injunctive relief to the Plaintiffs, enjoining the Defendants from enforcing Va. Code §§ 3.2-4116(C) to the extent it implements a standard of THC in any product, derivative, or extract, that is more stringent from the standard set forth in 7 U.S.C. § 1639o(1).

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against the Defendants and provide the following relief:

1. A declaration that the Farm Act has either expressly or impliedly preempted Virginia law concerning the definition of "hemp," "hemp products," "industrial hemp

extracts," "cannabis oils," and other "substances" containing tetrahydrocannabinol; and

2. A preliminary and permanent injunction enjoining the Defendants from interfering with the interstate commerce of "hemp" as defined under the Farm Act or enforcing any provisions of Virginia law to penalize anyone for the purchase, possession, sale, manufacture, or transport of "hemp" as defined under the Farm Act; and

3. A preliminary and permanent injunction on the enforcement of Va. Code §§ 3.2-4112, 3.2-4126(B), 3.2-5145.1, 3.2-5145.4, 4.1-600, 4.1-606(7), 18.2-247(D), 18.2-371.2, 54.1-3401, 54.1-3408, 54.1-3408.3(A), and 59.1-200(A)(70) solely to the extent those statutes rely on a definition of "hemp," "hemp products," "industrial hemp extracts," "cannabis oils," and other "substances" containing tetrahydrocannabinol that is different from that set forth in 7 U.S.C. § 1639o(1); and

4. A preliminary and permanent injunction on the enforcement of Va. Code § 3.2-4116(C) in its entirety; and

5. That this Court award Plaintiffs damages pursuant to 42 U.S.C. § 1983 in an amount to be determined at trial; and

6. That this Court award Plaintiffs their reasonable attorneys' fees, costs, and expenses of this action; and

7. That this Court issue the requested injunctive relief without a condition of bond or other security being required of Plaintiffs; and

8. That this Court grant any other relief that it deems just and equitable.

Respectfully submitted,

*/s/ James N. Markels*
James N. Markels (VSB #68399)
Email: jnm@cwattorney.com
Thomas W. Croessmann (VSB #88086)
Email: twc@cwattorney.com
Philip R. Croessmann (VSB #27779)
Email: prc@cwattorney.com
CROESSMANN & WESTBERG, P.C.
8000 Towers Crescent Drive, #1575
Vienna, VA 22182
Phone: (703) 483-3550
Facsimile: (703) 349-3414

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of September, 2023, a true and accurate copy of the foregoing was filed electronically using the CM/ECF system, which will serve all counsel of record in this case:

Calvin C. Brown, Esquire
Senior Assistant Attorney General
Barbara Johns Building
202 North Ninth Street
Richmond, VA 23219
Phone: (804) 786-4933
Fax: (804) 371-2087
Email: cbrown@oag.state.va.us

Benjamin L. Hatch, Esquire
McGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510
Phone: (757) 640-3727
Fax: (757) 640-3700
Email: bhatch@mcguirewoods.com

Jonathan Blank, Esquire
MCGUIREWOODS LLP
323 Second Street, SE, Suite 700
Charlottesville, VA 22902
Phone: (434) 977-2500
Fax: (434) 980-2222
Email: jblank@mcguirewoods.com

Jackie L. White, Esquire
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
Email: jwhite@mcguirewoods.com

Stanley A. Roberts, Esquire
Email: sroberts@mcguirewoods.com
Juliet B. Clark, Esquire
Email: jbclark@mcguirewoods.com
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Phone: (804) 775-1000
Fax: (804) 775-1061

*Counsel for Defendants The Commonwealth of Virginia,
Governor Glenn Youngkin, Attorney General Jason
Miyares, the Virginia Board of Agriculture and Consumer
Services, Commissioner Joseph Guthrie, and the
Virginia Cannabis Control Authority*

/s/ James N. Markels
James N. Markels (VSB #68399)
CROESSMANN & WESTBERG, P.C.
8000 Towers Crescent Drive, #1575
Vienna, VA 22182
Phone: (703) 483-3550
Facsimile: (703) 349-3414
Email: jnm@cwattorney.com